HARRIETT A. HUDSON, ADMINISTRATRIX, *v.*
UNION TRUST COMPANY
[No. 3, October Term, 1934.]

*Decided October 31, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Robert E. Kanode,* submitting on brief, for the appellant.

*James Morfit Mullen,* with whom was *Walter H. Buck* on the brief, for the Union Trust Company, appellee.

ADKINS, J., delivered the opinion of the Court.

The bill of complaint alleges that Ralph C. Hudson died testate on January 12th, 1932, and that plaintiff qualified as administratrix *c. t. a.* of his estate; that said decedent was indebted to the Union Trust Company of Maryland, one of the defendants, in the sum of approximately $190,-000, for which indebtedness there were pledged shares of capital stock in several corporations and life insurance on the life of the decedent to the amount of $45,000; that prior to December 31st, 1930, it held all of the collateral security listed in the bill of complaint, except life insurance policies which on that day were assigned and delivered to said defendant; that the collateral held prior to said date was not sufficient to fairly margin said loans and said defendant requested the decedent to furnish additional collateral, and in pursuance of said request said insurance policies were assigned and delivered to said defendant under the express agreement and condition "that the assignment of said policies would be cancelled by the Union Trust Company of Maryland, and the policies of insurance returned to the said Ralph C. Hudson upon the loans of said Ralph C. Hudson with the Union Trust Company of Maryland, being paid off, or upon the value of the collateral being sufficient to fairly margin said loans," which agreement was embodied in a letter from said company to said decedent dated December 31st, 1930; that subsequent to the death of the decedent and the qualification of the plaintiff as administratrix, she had a number of conferences with officials of said defendant company, and was led to believe that it would carry out and perform said agreement; that on or about June 9th, 1933, said defendant advised plaintiff that it had collected the proceeds of said policies, and that "as soon as the other collateral reaches a market price that will pay in full (or before if deemed advisable by our committee), we will be compelled to dispose of the collateral"; that plaintiff protested against the sale of said collateral at the then market price or value thereof, and insisted that said defendant carry out its agreement of December 31st, 1930;

that said defendant refused to accede to said demand, and advised plaintiff that it would sell said collateral as it had advised plaintiff on June 9th, 1933, it would do; that said defendant had stated to plaintiff that it was holding said collateral because of the agreement and understanding with said decedent that it would be held until such time as the value thereof was sufficient to adequately margin said loans.

The prayer of the bill is (1) that the defendant, John J. Ghingher and Union Trust Company of Maryland be restrained and enjoined from selling or disposing of any of the shares of stock or the proceeds of the insurance policies, until the value of the collateral other than the proceeds of the insurance policies is sufficient to fairly margin said loans; (2) that the court construe the legal effect of the agreement set forth in Plaintiff's Exhibit 2, and determine and enforce the right of the parties thereto; (3) for general relief.

At the time the bill was filed the trust company was under the custody of John J. Ghingher, the bank commissioner, and he was therefore made a party defendant. In the brief of the appellee, the Union Trust Company of Maryland, it is stated that since then the Trust Company has opened on an unrestricted basis, so that the bank commissioner is not participating in this appeal.

Plaintiff's Exhibit No. 2 is a letter from W. Graham Boyce, vice-president of the Union Trust Company of Maryland, to R. C. Hudson, dated December 31st, 1930, the only agreement in which is as follows:

"In line with the request in your letter of the 29th you may consider this letter our agreement to cancel these assignments (assignments of life insurance policies mentioned in the preceding paragraph of the letter), and return the policies to you upon your loans here being paid off, or upon the value of the collateral being sufficient to fairly margin the loans."

The appellee, Union Trust Company, demurred to the bill and the chancellor sustained the demurrer. This appeal is from that decree.

We find nothing in the agreement limiting the right of the Trust Company to sell the collateral on default. The agreement manifestly was intended to secure the return of the insurance policies if, during the continuance of the loan, the value of the other collateral should increase sufficiently to secure the loan, or if it should be paid off. The appellant's idea that it could have meant anything else seems to us fanciful. What could have been the purpose of asking for the assignment of the policies of insurance as additional collateral if collection could not be enforced until the original collateral was sufficient? The decree appealed from will be affirmed.

A motion, under oath, to dismiss the appeal was filed on the ground that the stock had already been sold since the decree appealed from, no appeal bond having been filed. But other relief was prayed in the bill, and the motion will therefore be overruled. But it must not be understood that we are deciding whether construction of the contract in this case was within the jurisdiction of a court of equity except in connection with other relief sought.

*Decree affirmed, with costs to appellee.*